```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X

RONALD JONES, ELIJAH LYNAH aka KELLEY
LYNAH and ADAM KINLEY,                          FIRST AMENDED
                                                COMPLAINT
                        Plaintiffs,

        -against-                               15CV10045(LTS)

THE CITY OF NEW YORK; WARDEN JOHN/JANE
DOE # 1; SUPERVISOR C.O. JOHN/JANE DOE #
1-2; CAPTAIN BOYD, SHIELD # 1083; C.O.          Jury Trial Demanded
LAMAR, SHIELD # 18472; C.O. MCLAUCHIN,
SHIELD # 10602: C.O. LYNCH, SHIELD #
18474; C.O. VILLETTE, SHIELD # 1604; C.O.
VILLODAS, SHIELD # 9392; C.O. OTHMAN,
SHIELD NO 18683; C.O. REES, SHIELD #
17094: C.O. MAYNARD, SHIELD # 17254; C.O.
BUTLER, SHIELD NO 17772; C.O.
DeLOSSANTOS, SHIELD # 15508; C.O. WAITHE,
SHIELD # 1445; CAPTAIN McCARTHY, SHIELD #
1659; JOHN/JANE Does # 1-10 the
individual defendant(s) sued individually
and in their official capacities,
                        Defendants.

------------------------------------------ X
```

**PRELIMINARY STATEMENT**

1.   This is a civil rights action in which plaintiffs seek relief for the violation of plaintiffs' rights secured by 42 U.S.C. §§ 1983 and 1988 and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  Plaintiffs' claims arise from incidents that arose on or about December 25, 2014.  During the incidents, the City of New York, and members of the New York City Department of Correction ("DOC") subjected plaintiffs to, among

other things, excessive force, failure to protect, deliberate indifference, conspiracy, assault, battery, negligence, intentional and negligent infliction of emotional distress, negligent hiring, supervision, training, retention, and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983, and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Plaintiffs' notices of claim were duly filed on defendant City of New York within 90 days of the incident at issue.  More than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiffs' claims.  Moreover, this action has been filed within one year and 90 days of the incident that is the basis of this

claim.  Plaintiffs have made themselves available for the 50-H hearing and will continue to do so.

4.     Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in Bronx County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.     Plaintiff Ronald Jones is a resident of the State of New York, Queens County.

6.     At the time of the December 25, 2014 incident plaintiff Ronald Jones was a detainee assigned B&C 4411404778, being detained at the George R. Vierno Center "GRVC".

7.     Plaintiff Elijah Lynah is a resident of the State of New York, Bronx County.

8.     At the time of the December 25, 2014 incident plaintiff Elijah Lynah was a detainee assigned B&C 2411406151, being detained at the George R. Vierno Center "GRVC".

9.     Plaintiff Adam Kinley is a resident of the State of New York, Bronx County.

10.    At the time of the December 25, 2014 incident plaintiff Adam Kinley was a detainee assigned B&C 2411205499, being detained at the George R. Vierno Center "GRVC".

11.    At all times referred to herein, defendant City of New York was a municipal corporation organized under the laws

of the State of New York, which violated plaintiffs' rights as described herein.

12. At all times alleged herein, defendant City of New York was the employer of the individual defendants, and was responsible for the policies, practices, and customs of the DOC, and maintained and operated GRVC, located in, Bronx, New York.

13. At all times alleged herein, defendant Warden John/Jane Doe # 1 was a New York City Correction Officer employed at the GRVC, or other as yet unknown DOC assignment, who violated plaintiffs' rights as described herein.

14. At all times alleged herein, defendant Supervisor C.O. John/Jane Does # 1-2 was a New York City Correction Officer employed at the GRVC, or other as yet unknown DOC assignment, who violated plaintiffs' rights as described herein.

15. At all times alleged herein, defendants Captain Boyd, C.O. Lamar; C.O. Mclauchin, C.O. Lynch, C.O. Villette, C.O. Villodas, C.O. Othman, C.O. Rees, C.O. Maynard, C.O. Butler, C.O. Delossantos, C.O. Waithe, Captain McCarthy and John/Jane Does # 1-10 were New York City Correction Officers employed at the GRVC, or other as yet unknown DOC assignment, who violated plaintiffs' rights as described herein.

16. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

17.     On or about December 25, 2014 and February 8, 2015, at the GRVC, located in Bronx County, New York, correction officers and supervisors, including upon information and belief, Warden John/Jane Doe # 1; Supervisor C.O. John/Jane Does # 1-2, Captain Boyd, C.O. Lamar; C.O. Mclauchin, C.O. Lynch, C.O. Villette, C.O. Villodas, C.O. Othman, C.O. Rees, C.O. Maynard, C.O. Butler, C.O. Delossantos, C.O. Waithe, Captain McCarthy and John/Jane Does # 1-10 at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiffs.

18.     On or about December 25, 2014, plaintiffs were in housing area 7A in GRVC in the Day Room area.

19.     Defendants Captain Boyd, C.O. Lamar; C.O. Mclauchin, C.O. Othman, C.O. Rees, C.O. Maynard, C.O. Butler, C.O. Delossantos, C.O. Waithe, Captain McCarthy and C.O. John/Jane Does # 1-10 entered the day room.

20.     Captain Boyd began spraying a chemical agent indiscriminately.

*PLAINTIFF RONALD JONES*

21.     One of C.O. John/Jane Does # 1-10 ordered plaintiff Ronald Jones to put his hands against the wall and plaintiff Ronald Jones complied.

5

22. One of C.O. John/Jane Does # 1-10 ordered everyone to the ground, and plaintiff complied.

23. One of C.O. John Does # 1-10 placed each plaintiff in excessively tight handcuffs.

24. One of C.O. John Does # 1-10 then ordered plaintiff Ronald Jones to cross his legs.

25. Plaintiff Ronald Jones, advised the C.O. that he could not cross his legs because of a gunshot wound.

26. C.O. Lamar, approached Plaintiff Ronald Jones and asked him if he wanted help crossing his legs.

27. C.O. Lamar stomped, and kicked plaintiff Ronald Jones' leg. He also kicked Plaintiff Ronald Jones in his back and in the back of his head.

28. Some of C.O.s John/Jane Does # 1-10 took plaintiff Ronald Jones to the Main Corridor and ordered him to get on his knees.

29. Plaintiff Ronald Jones advised them of his leg wound and requested medical treatment, but his request was denied.

30. Some of C.O. John/Jane Does # 1-10 forcibly pushed plaintiff Ronald Jones down to his knees.

31. Some of C.O. John/Jane Does # 1-10 walked plaintiff Ronald Jones to cell block 10A for decontamination, and placed him in an empty cell.

6

32. Plaintiff Ronald Jones was left in a cell completely naked without a bed

33. Plaintiff Ronald Jones again requested medical treatment but did not receive medical treatment until December 26, 2015.

34. On or about February 8, 2015, Ronald Jones was in the GRVC 7A day room.

35. In the day room, C.O. Lynch looked at Plaintiff Ronald Jones' ID Card and said "This is him right here.  He likes calling his mother a lot".

36. C.O. Villados and C.O. Villete, then grabbed plaintiff Ronald Jones, threw him to the ground, put his knee in his back, and placed excessively tight handcuffs on him, lifting up his arm and causing plaintiff to sprain his wrist.

37. This was in retaliation for the complaints Mr. Jones had made regarding the December 25, 2015 incident.

*Plaintiff Adam Kinley*

38. Plaintiff, Adam Kinley was in the day room area, when Captain Boyd, C.O. Lamar; C.O. Mclauchin, C.O. Othman, C.O. Rees, C.O. Maynard, C.O. Butler, C.O. Delossantos, C.O. Waithe, Captain McCarthy and C.O. John/Jane Does # 1-10 entered the day room area and Captain Boyd began spraying a chemical agent.

39. Plaintiff Adam Kinley complied with the order to get on the ground.

40. C.O. John/Jane Does # 1-10 placed excessively tight handcuffs on plaintiff Adam Kinley's wrists causing bruising.

41. While plaintiff Adam Kinley was handcuffed on the ground, C.O. Lamar sprayed a chemical agent and yelled in sum and substance, "When are you all going to learn, you're never going to win".

42. Plaintiff Adam Kinley, complained that the handcuffs were too tight.

43. C.O. Lamar called plaintiff Adam Kinley a "bitch".

44. C.O. Lamar then stuck his hand down plaintiff Adam Kinley's pants and stuck his finger in plaintiff Adam Kinley's anus.

45. Plaintiff Adam Kinley was then dragged out of the housing unit and strip searched.

46. Plaintiff Adam Kinley requested medical treatment, but his request was denied. One of C.O. John/Jane Does # 1-10 told plaintiff Adam Kinley, "If you banging nigger, you better man up."

47. One of C.O. John/Jane Does # 1-10 asked plaintiff if he wanted medical treatment, and plaintiff Adam Kinley responded yes.

48. One of C.O. John/Jane Does #1-10 laughed and said "It was a rhetorical question, dumb motherfucker, you go last."

49. One of C.O. John/Jane Does # 1-10 then took plaintiff Adam Kinley to housing area 10 to be decontaminated, and placed him in an empty cell.

50. The defendants left plaintiff Adam Kinley, in a cell completely naked with no bed.

51. Plaintiff Adam Kinley was taken to the clinic on December 26, 2015, and when he attempted to report the incident to medical personnel, the medical personnel refused to make a report.

*PLAINTIFF ELIJAH LYNAH*

52. Plaintiff Elijah Lynah was in the day room area, when Captain Boyd, C.O. Lamar; C.O. Mclauchin, C.O. Othman, C.O. Rees, C.O. Maynard, C.O. Butler, C.O. Delossantos, C.O. Waithe, Captain McCarthy and C.O. John/Jane Does # 1-10, and C.O. John/Jane Does # 1-10 entered the day room area and Captain Boyd began spraying a chemical agent.

53. Plaintiff Elijah Lynah complied with the order to get on the ground.

54. C.O. John/Jane Does placed excessively tight handcuffs on plaintiff Elijah Lynah's wrists causing bruising.

55. While plaintiff was handcuffed and on the ground, C.O. Lamar sprayed a chemical agent and yelled "Merry Christmas Motherfuckers" or words to that effect.

56. C.O. McLauchin then took plaintiff Elijah Lynah to intake and hit Elijah Lynah numerous times in the ribs.

57. C.O. Lamar then punched plaintiff Elijah Lynah in the face numerous times.

58. Plaintiff Elijah Lynah was then taken to the housing area 10A and placed in an empty cell, stripped, dunked in water, and left without clothes in an empty cell until the next day.

59. Plaintiff Elijah Lynah did not receive medical attention until December 26, 2015.

60. Those corrections officers who did not harm plaintiffs failed to intervene and protect plaintiff from this unlawful action.

61. To cover up this misconduct, the defendants failed to prepare required reports, failed to video record the events as required by DOC regulations and prepared false reports indicating that plaintiffs had committed various infractions, and placed plaintiffs in solitary confinement.

62. The aforesaid events are not isolated. Defendants City of New York, Warden John/Jane Doe # 1, have been aware (from lawsuits, notices of claim and complaints) that many

of the DOC's officers are insufficiently trained on the proper way to protect detainees, provide medical care, interact with detainees, and how not to act with deliberate indifference.

63.  Defendants City of New York, Warden John/Jane Doe # 1, are further aware that such improper conduct and training has often resulted in a deprivation of civil rights.  Despite such notice, defendants City of New York, Warden John/Jane Doe # 1, have failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

64.  Moreover, defendants City of New York, Warden John/Jane Doe # 1, were aware prior to the incident that Captain Boyd, C.O. Lamar; C.O. Mclauchin, C.O. Othman, C.O. Rees, C.O. Maynard, C.O. Butler, C.O. Delossantos, C.O. Waithe, Captain McCarthy and C.O. John/Jane Does # 1-10 and John/Jane Does # 1-10 lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers.  Despite such notice, defendants City of New York, Warden John/Jane Doe # 1, have retained these officers, and failed to adequately train and supervise them.

65.  At all times defendant City of New York by the DOC, and its agents, servants and/or employees, negligently, carelessly, and recklessly trained the individual defendants for the position of correction or correction officers.

66. At all times defendant City of New York by the DOC, and its agents, servants and/or employees, negligently, carelessly, and recklessly supervised, controlled, managed, maintained, and inspected the activities of the individual defendants.

67. At all times defendant City of New York by the DOC, and its agents, servants and/or employees caused, permitted, and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

68. At all times defendant City of New York by the DOC, and its agents, servants and/or employees negligently, carelessly, and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

69. The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the negligent, malicious, reckless, and/or intentional conduct of defendant City of New York, and the DOC, and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiff contributing thereto, specifically, the reckless manner in which said defendant hired,

trained, supervised, controlled, managed, maintained, inspected, and retained the individual defendants.

70. At no time did plaintiff unlawfully resist or assault any detainee or officer at any time during the above incidents.

71. Plaintiffs did not engage in prohibited, suspicious, unlawful, or criminal activity prior to or during the above incidents.

72. The individual defendants did not observe plaintiffs engage in prohibited, suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

73. At no time prior, during, or after the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in prohibited, suspicious, unlawful, or criminal conduct.

74. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

75. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said

defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

76. As a direct and proximate result of defendants' actions, plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

### FIRST CLAIM
### (EXCESSIVE FORCE)

77. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

78. The individual defendants' use of force upon plaintiffs and failure to protect and intervene was objectively unreasonable.

79. Accordingly, defendants are liable to plaintiffs, pursuant to 42 U.S.C. § 1983; and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

### SECOND CLAIM
### (42 U.S.C. § 1983 CONSPIRACY)

80. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

81. Defendants are liable to plaintiffs because they agreed to act in concert, with each other, to inflict

unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiffs.

### THIRD CLAIM

### (ASSAULT)

82.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

83.  Among other things as described above, excessive use of force against plaintiffs placed them in fear of imminent harmful and offensive physical contacts.

84.  Accordingly, defendants are liable to plaintiffs under New York State law for assault.

### FOURTH CLAIM

### (BATTERY)

85.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

86.  Among other things as described above, defendants' failure to protect and excessive use of force against plaintiffs were illegal physical contacts.

87.  Accordingly, defendants are liable to plaintiffs under New York State law for battery.

### FIFTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, SUPERVISION, MONITORING, TRAINING AND RETENTION OF UNFIT EMPLOYEES)

88.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

89.     Defendant City of New York is liable to the plaintiffs because the occurrence and injuries sustained by plaintiffs, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the DOC, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its officers.

## SIXTH CLAIM

**(INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

90.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

91.     That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiffs.

92.     The defendants' actions against plaintiffs were extreme and outrageous and caused plaintiffs severe emotional distress.

93.     The defendants breached a duty owed to the plaintiffs that either unreasonably endangered plaintiffs'

physical safety, or caused the plaintiffs to fear for their own safety.

### SEVENTH CLAIM

### (NEGLIGENCE)

94.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

95.   Defendants are liable to plaintiffs because defendants owed plaintiffs a cognizable duty of care as a matter of law, and breached that duty.

### EIGHTH CLAIM

### (FAILURE TO INTERVENE)

96.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

97.   Defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they failed to intervene.

98.   Accordingly, the defendants are liable to plaintiffs for failing to intervene to prevent the violation of plaintiffs' constitutional rights.

### NINTH CLAIM

### (CRUEL AND UNUSUAL PUNISHMENT)

99.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

100. The defendants exercised cruel and unusual punishment by placing defendants in an empty cell without a bed, while completely naked.

101. The aforesaid conduct by the defendants violated plaintiff's rights under 42 U.S.C. §§ 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

### TENTH CLAIM

### (MONELL CLAIM)

102. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

103. Defendant City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiffs.

104. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

105. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately

investigate prior complaints filed against the individual defendants.

106. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice, and/or policy) would commit the illegal acts described herein.

107. In addition, the following are municipal policies, practices, and customs: (a) excessive Force (b) acting with deliberate indifference to a risk of serious injury; (c) failing to protect individuals; and (d) covering up misconduct.

## ELEVENTH CLAIM

### (RESPONDEAT SUPERIOR)

108. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

109. The individual defendants were acting within the scope of their employment as New York City Correction Officers when they committed the above described acts against the plaintiffs, including failing to protect, assaulting, and battering the plaintiffs.

110. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   New York, New York
         July 22, 2016

> ADAMS & COMMISSIONG LLP.
> *Attorneys for Plaintiff*
> 65 Broadway Suite 715
> New York, NY 10006-2503
> (212) 430-6590
> martin@amcmlaw.com
>
> _____
> MARTIN E. ADAMS, ESQ